(No. 15280.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN INGRAVALLO, Plaintiff in Error.

*Opinion filed October 20, 1923.*

1. CRIMINAL LAW—*reposing and betrayal of confidence are essential to confidence game.* The element of confidence reposed by the victim in the swindler and the latter's betrayal of such confidence are essential to the offense of the confidence game.

2. SAME—*when alleged fraud on insurance company does not constitute the confidence game.* Obtaining or attempting to obtain money from an insurance company on a life insurance policy by falsely representing that the person insured is dead does not constitute the confidence game.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

JOHN D. FARRELL, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

John Ingravallo was tried in the criminal court of Cook county on an indictment of three counts, two of which were *nollied* at the close of the evidence for the People and a verdict of guilty was rendered on the third count, which charged an attempt to defraud by the confidence game. This writ of error was sued out to reverse the judgment rendered on that verdict.

The prosecution introduced evidence for the purpose of proving the following facts: That in June, 1920, application was made to the American Bankers Life Insurance Company by an employee at a florist's store kept by the

plaintiff in error and his wife for insurance on his life; that a policy for $4000, payable to the estate of the insured, was issued to the applicant by the name of Joseph Yulo, dated July 9, 1920; that an application was made on September 28, 1920, to substitute the plaintiff in error as beneficiary, and this was done; that in March, 1921, the plaintiff in error notified the insurance company of the death of the insured on March 15, 1921, and demanded payment of the amount of the policy; that the man who died on March 15, 1921, and on account of whose death payment of the policy was demanded, was not the insured, and that the plaintiff in error assisted in procuring the policy and in trying to collect the amount of it.

The testimony was contradictory, but from this statement it is apparent that there could be no conviction for an attempt to defraud by means of the confidence game, and there could have been no conviction if the charge had been obtaining money by means of the confidence game and the plaintiff in error had actually collected the money. The element of confidence reposed by the victim in the swindler and betrayed is essential to the confidence game, and there is no such element in this case. The obtaining of money from an insurance company by a false representation of the facts as to the company's liability does not constitute obtaining money by means of the confidence game. (*People v. Peers,* 307 Ill. 539.) The brief of the defendant in error concedes that if the insured and the deceased were the same person no fraud was committed or attempted. This was not a question of confidence reposed but of proof.

The judgment of the criminal court will be reversed.

*Judgment reversed.*